Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000229
01-JUN-2011
08:13 AM

NO. CAAP-10-0000229

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Application of
HAWAII ELECTRIC LIGHT COMPANY, INC.
For Approval of Rate Increases and
Revised Rate Schedules and Rules

APPEAL FROM THE PUBLIC UTILITIES COMMISSION
(DOCKET NO. 05-0315)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record in this case, it appears that we lack jurisdiction over Intervenor-Appellant Keahole Defense Coalition, Inc.'s (Keahole Defense Coalition), appeal from Appellee Public Utilities Commission of the State of Hawaii's

(the PUC)[1] October 28, 2010 decision and order in PUC Docket No. 05-0315, because the PUC's October 28, 2010 decision and order is not the final order that ended the proceeding in PUC Docket No. 05-0315, as Hawaii Revised Statutes (HRS) § 269-15.5 (2007) requires for an appealable final order.

Administrative appeals commence in a circuit court "except where a statute provides for a direct appeal to the intermediate appellate court[.]" HRS § 91-14(b) (1993 & Supp. 2010). "Matters relating to the PUC are governed by HRS ch. 269." Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 327, 944 P.2d 1265, 1270 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999). HRS § 269-15.5 (2007) authorizes an aggrieved person to appeal from a final order of the PUC directly to the Hawai'i Intermediate Court of Appeals. Cf. In re Waikoloa Sanitary Sewer Company, Inc., 109 Hawai'i 263, 270, 125 P.3d 484, 491 (2005).

> § 269-15.5. Appeals.
> An appeal from an order of the public utilities commission under this chapter shall lie subject to chapter 602, in the manner provided for civil appeals from the circuit courts. Only a person aggrieved in a contested case proceeding provided for in this chapter may appeal from the order, if the order is final, or if preliminary, is of the nature defined by section 91-14(a).

HRS § 269-15.5 (quoted in part; emphases added). In the context of obtaining judicial review of administrative agency proceedings, "[g]enerally, a 'final order' is an order ending the proceedings, leaving nothing further to be accomplished." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86

---

[1] In this matter, the Appellee Public Utilities Commission of the State of Hawai'i was composed of Chairman Carlito P. Caliboso, Commissioner John E. Cole, and Commissioner Leslie H. Kondo.

P.3d 973, 977 (2004) (citation and some internal quotation marks omitted). "Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Gealon v. Keala, 60 Haw. 513, 520, 591 P.2d 621, 626 (1979) (citations omitted).

In the instant case, it appears that the PUC's October 28, 2010 decision and order is not a final order because, although the PUC's October 28, 2010 decision and order approved an increase in Applicant-Appellee Hawaii Electric Light Company, Inc's HELCO) rates, the PUC's October 28, 2010 decision and order did not end the proceeding because the PUC's October 28, 2010 decision and order further directed that HELCO file corresponding revised tariff sheets and rate schedules for future approval by the PUC, and the PUC's October 28, 2010 decision and order specifically provided that the filing would not take effect until the PUC approved the revised tariff sheets and rate schedules. Therefore, the PUC's October 28, 2010 decision and order is not the appealable final order in this administrative proceeding. Instead, the appealable final order in this proceeding appears to be the PUC's January 7, 2011 order approving HELCO's revised tariff sheets and rate schedules, from which Appellant Keahole Defense Coalition has asserted an appeal in Appeal No. CAAP-11-0000067.

Under the circumstances of the instant case, Appellant Keahole Defense Coalition's December 17, 2010 notice of appeal in appellate court case number CAAP-10-0000229 is not effective and, thus, we lack jurisdiction. Accordingly,

-3-

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 1, 2011.

Presiding Judge

Associate Judge

Associate Judge